IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. **1:16-CV-03196-KMT**

**AUTO-OWNERS INSURANCE COMPANY,**
a Michigan corporation,

      Plaintiff,

v.

**HIGH COUNTRY COATINGS, INC.**, a Colorado corporation, and
**ZURICH AMERICAN INSURANCE COMPANY**, a New York corporation,

      Defendants.

---

## PROPOSED SCHEDULING ORDER

---

## 1. DATE OF CONFERENCE
## AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

The Scheduling/Planning Conference pursuant to Fed. R.Civ. P. 16(b) is scheduled for March 1, 2017, at 9:30 a.m., in Courtroom C-201, Second Floor Second Floor of the Byron Rogers U.S. Courthouse, 1929 Stout Street, Denver, Colorado, before Magistrate Judge Kathleen M. Tafoya.

Appearing for the parties are:

For Plaintiff:
Gregory R. Giometti
Morgan C. Robinson
Gregory R. Giometti & Associates P.C.
50 S. Steele Street, Suite 480
Denver, CO 80209
(303) 333-1957
ggiometti@giomettilaw.com
mrobinson@giomettilaw.com

For Defendant High Country Coatings, Inc.:
Dennis J. Bartlett
Brosseau Bartlett Seserman, LLC
6455 S. Yosemite Street, Suite 750
Greenwood Village, CO 80111
(303) 515-2481
dbartlett@bbs-legal.com

For Defendant Zurich American Insurance Company:
Jane E. Young
McElroy, Deutsch, Mulvaney & Carpenter, LLP
5600 S. Quebec Street, Suite C100
P.O. Box 4467
Englewood, CO 80155
(303) 293-8800
jyoung@mdmc-law.com

## 2. STATEMENT OF JURISDICTION

Plaintiff contends jurisdiction is proper in the United States District Court for the District of Colorado pursuant to 28 U.S.C. § 1332 because this is a civil action between citizens of different states and the amount in controversy exceeds the sum of $75,000, independent of interest and costs.  Plaintiff Auto-Owners Insurance Co. ("Auto-Owners") is registered as a Michigan corporation, with its principal place of business located in Lansing, Michigan.  Defendant High Country Coatings, Inc. ("HCC") is registered as a Colorado corporation with its principal place of business located in Aurora, Colorado. Defendant Zurich American Insurance Company ("Zurich") is a New York corporation with its principal place of business in Schaumburg, Illinois. HCC is without knowledge or information sufficient to form a belief as to whether the amount in controversy exceeds $75,000.

### 3. STATEMENT OF CLAIMS AND
### DEFENSES

a.     **Plaintiff**:  Plaintiff Auto-Owners issued Policy No. 144632-74529076-14 to HCC

with effective dates May 1, 2014 to May 1, 2015 ("the Policy").  The Policy provided

Commercial General Liability coverage to HCC.

This matter arises out of HCC's application of a urethane and epoxy finish to a

concrete slab floor located at the Otter Aircraft Hangar in Loveland, CO ("the Project").

HCC sub-contracted with Brinkman Construction, Inc. ("Brinkman") to perform this work

on November 29, 2012.  HCC completed this work on February 18, 2013. At some

point in late 2013, precise date unknown at this time, HCC received notice that the

surface of the concrete floor at the Project was "bubbling" or "blistering." HCC

exchanged correspondence with the Tennant company, the manufacturer of the

urethane and epoxy coating product in an attempt to determine the cause of the

problem.  On July 15, 2014, HCC entered into another contract to remove the existing

urethane and epoxy finish on the floor, and apply a new flooring system. HCC

completed this work at the Project on August 14, 2014.  The blistering and bubbling of

the concrete slab floor occurred again at the Project.

HCC tendered a claim for coverage to Auto-Owners as its liability insurer.  On

May 6, 2016, Auto-Owners sent a Coverage Position Letter to HCC informing it that

there was no coverage for the claim because there did "not appear to be damage

alleged outside of the scope of your work," and therefore, certain exclusions applied.

On November 17, 2016, Zurich, as Brinkman's liability insurer, initiated litigation

("the Underlying Action") against HCC in the District Court for Arapahoe County,

Colorado.  Auto-Owners appointed counsel to defend HCC in the Underlying Action under a Reservation of Rights.

Auto-Owners brought this anticipatory declaratory judgment action to seek a judicial determination that because no coverage exists under the Policy, Auto-Owners owes no duty to defend or indemnify HCC with respect to Zurich's claims in the Underlying Action.

Auto-Owners has no duty to defend or indemnify HCC for the following reasons:

1)      HCC had knowledge of the damage to the concrete floor of the Project before the inception of the Policy, and thus, there is no coverage for its claim.  The Insuring Agreement contained in the **COMMERCIAL GENERAL LIABILITY COVERAGE FORM** portion of the Policy provides that Auto-Owners will defend and indemnify HCC with respect to liability for "property damage" to which the insurance applies.  However, under ¶ **b.(3),** the CGL coverage applies only if no insured knew that the "property damage had occurred, in whole or in part."  Under ¶ **c.(3)** of the Insuring Agreement "property damage" is deemed to have been known when an insured becomes aware by any means that "property damage" has occurred or has begun to occur. The **COMMERCIAL GENERAL LIABILTY COVERAGE FORM** at **SECTION V – DEFINITIONS** at ¶ **18a.** defines "property damage" as "[p]hysical injury to tangible property, including all resulting loss of use of that property."   HCC was aware of the damage its application of the coating caused at the Project in December 2013 when it first corresponded with Tennant about the issue.  *See* **Exhibit 2.**   This is knowledge of "property damage" which HCC obtained prior to the Policy term.

2)      The Policy, at **COVERAGE A,** contains exclusions for "property damage" sustained to "your work" which limit and/or bar coverage for HCC with respect to Zurich's claims.  The exclusion at ¶ **j.(6)** provides that there is no coverage for damage to "real property on which any insured or any contractors or subcontractors . . . are performing operations, if the "property damage" arises out of those operations." The exclusion at ¶ **j.(7)** provides that there is no coverage for property damage to any property "that must be restored, repaired or replaced because "your work" was incorrectly performed on it." These exclusions operate to bar and/or limit coverage for HCC's work which was incorrectly performed and which led to "property damage" at the Project.

3)      The exclusion at ¶ **k.** excludes "'property damage' to 'your product' arsing out of it or any part of it."  The epoxy coating applied by HCC falls within the definition of "your product", and, hence, any damage at the Project arising out of it is excluded.

4)      The exclusion at ¶ **l.** excludes coverage for property damage arising out of "your work" and arising out of it or any part of it and which is included in the "products-completed operations hazard." The products-completed operations hazard is an exception to several of the Policy exclusions and only has effect when the work at issue has been fully completed when the damage occurs.  *McGowan v. State Farm Fire and Cas. Co.*, 100 P.3d 521, 525 (Colo. App. 2004).  At the time that the "blistering" and/or "bubbling" of the coated concrete surface occurred at the Project, HCC's work on the concrete slab was completed.  Such blistering and/or bubbling, and any concomitant or related damage, arose out of HCC's "work" at the Project.  Therefore, subject to the

operation of ¶ **l.** "property damage" to HCC's completed work, arising out of it or any part of it, at the Project is excluded from coverage pursuant to this Policy exclusion.

5).     Exclusion ¶ **m.** excludes coverage for "impaired property" which arises out of a defect, deficiency or inadequacy in "your work."   Impaired property is defined in the **DEFINITIONS** section of the Policy, as set forth in paragraph 24 above.     At         the Project, HCC subcontracted to apply an epoxy coating to the concrete slab. HCC and Zurich claim that the concrete slab needs repair or complete replacement due to the "blistering" and "bubbling" on the surface. The concrete slab upon which HCC applied the epoxy coating at the Project became "impaired property" once the coating was applied.  Thus, any claim for damages related to necessary repair or replacement of the concrete slab due to HCC's work is excluded under exclusion ¶ **m.**

**B.**     **Defendants**:

**B(1)**     **Defendant HCC**:   HCC contends that this action is premature on all but Auto-Owners' claim that it has no duty to defend HCC in the underlying Zurich case. HCC has filed a motion for partial summary judgment on Auto Owners' duty to defend HCC. As set forth in that motion Auto Owners' duty to defend is to be determined solely by reference to the underlying Zurich complaint.  Auto Owners does not only rely upon allegations of the underlying complaint to support its claim that it has no duty to defend HCC in the Zurich case.  Auto Owners continues to raise alleged facts not set forth in the Zurich complaint, namely that HCC was aware of property damage to the concrete at the project before Auto Owners' policy incepted, to argue that Auto Owners has no duty to defend HCC.  This Auto Owners cannot do.

HCC's position is that no discovery of any sort is necessary to determine whether Auto Owners has a duty to defend HCC in the Zurich case and no other aspects of this case can be litigated until the underlying Zurich case is resolved. HCC intends to file before the March 1st conference a separate motion: (1) seeking a stay all discovery in this case; (2) seeking a stay of Auto Owners' claim that it has not duty to indemnify HCC from Zurich's claim because that claim will not be not ripe for determination until after the Zurich case is resolved; and, (3) also seeking a stay of HCC's counterclaims for breach of the contract and for bad faith and unfair dealing because HCC's damages will not be fully determined until after Zurich case is resolved.

HCC has answered Auto Owners' complaint denying that Auto Owners has no duty to defend or indemnify HCC from the claims asserted in the Zurich case, has asserted the following defenses: Auto Owners' Complaint fails to state a claim upon which relief can be granted; Auto-Owners has breached the conditions of the Policy; Auto Owners' Complaint is premature; Auto Owners' claims are or may be barred by the equitable doctrines of waiver, estoppel and laches; and Auto Owners' position on coverage, if correct, means that the policy it issued is both ambiguous and violates the reasonable expectations of an insured like HCC such that the policy should be interpreted in HCC's favor as to both Auto Owners' duty to defend HCC and Auto-Owners' duty to indemnify HCC.

HCC has also counterclaims against Auto Owners for breach of contract and for bad faith and unfair dealing because of Auto Owners' conduct pre-filing of the Zurich case and because of Auto Owner's conduct after filing of that action.

**B(2)**   **<u>Defendant ZURICH</u>**:  At this time, Zurich is without sufficient knowledge or

information to take a position on the coverage issues raised by Auto-Owners.  However, since Auto-Owners' are equitable, Zurich disputes Auto-Owners is entitled a jury.

Zurich seeks damages from Auto-Owners for its failure to defend and/or indemnify Brinkman as an additional insured as it agreed to do so on August 26, 2016.  The contract between HCC and Brinkman required HCC to name Brinkman as an additional insured on its policies.  Brinkman tendered the claim arising out of the Project to Auto-Owners as an additional insured.  Auto-Owners agreed to defend Brinkman but failed to do so.  The Auto-Owners policy issued to HCC includes a blanket additional insured endorsement, which states its policy is primary and that any other insurance available to the additional insured will apply as "excess and not contribute as primary insurance to the insurance provided by this endorsement".  Zurich incurred over $800,000 in defending and indemnifying Brinkman in the claim arising out of HCC's work at the Project.

## 4. UNDISPUTED FACTS

The following facts are undisputed:

1.      Plaintiff Auto-Owners issued Policy No. 144632-74529076-14 to HCC with effective dates May 1, 2014 to May 1, 2015.

## 5. COMPUTATION OF DAMAGES

**Plaintiff**:

Auto-Owners seeks recovery of its costs and attorney fees incurred in connection with its defense of HCC in the underlying action, as well as costs incurred in this matter.

**Defendant HCC**:

HCC seeks recovery of all attorney fees, costs and expenses it incurs in consequence of Auto Owner's breach of its obligations to HCC, including fees and costs that have been and are being incurred because of Auto Owners failure to timely acknowledge its duty to defend HCC first on the CDARA notice from Brinkman/Zurich and then continuing to deny its duty to defend HCC after the Zurich case was filed. The scope of HCC's damages will not be determinable until after the underlying Zurich case is resolved.

**Defendant/Counterclaimant Zurich**:

Zurich disputes Auto-Owners is entitled to any damages against Zurich in this matter.  Auto-Owners agreed to defend Brinkman in the claim arising out of the Project but failed to do so.  Zurich seeks monies its incurred in defending and/or indemnifying Brinkman that should have been paid by Auto-Owners.  Zurich incurred over $800,000 in defending and indemnifying Brinkman.

**6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)**

a.	The Fed.R.Civ.P. 26(f) meeting was conducted via telephone on February 15, 2017.

b.	Participants in the meeting were:

1)	Gregory R. Giometti and Morgan C. Robinson for Plaintiff Auto-Owners Insurance Co.

2)	Dennis J. Bartlett for Defendant High Country Coatings, Inc.

3)	Jane E. Young for Defendant Zurich American Insurance Company

c.	Statement as to when Rule 26(a)(1) disclosures were made or will be made.

*The parties will exchange Initial Disclosures pursuant to Fed. R.Civ.P. 26(a) on or prior to **March 1, 2017**.*

***HCC's Position****: Nothing other than the fact that initial disclosures would otherwise be due March 1 and that HCC contended that no discovery should go forward at this time was discussed at the rule 26(f) meeting.*

d.      Proposed changes, if any, in timing or requirement of disclosures under Fed. R.Civ. P. 26(a)(1).

   None.

e.      Statement concerning any agreements to conduct informal discovery.

   None

f.      The parties agree to take reasonable steps to reduce discovery and other litigation costs, including the implementation of a unified exhibit numbering system.

g.      Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

   The parties do not anticipate extensive discovery of Electronically Stored Information in this matter

h.      Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.  The parties have not discussed early resolution of this proceeding.  The parties have discussed the necessity of a potential stay of this matter due to the nature of the Underlying Action and the usefulness of a disposition in that matter before proceeding in the instant litigation.

## 7. CONSENT

Plaintiff objects to the exercise of jurisdiction of a magistrate judge.

## 8. DISCOVERY LIMITATIONS

a.      *Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.*  The parties have not discussed modification of the presumptive discovery limitations.  Plaintiff's position is that no modifications are needed.  HCC believes that it will need 30 interrogatories, 30 requests for production and 45 requests for admission.

b.      *Limitations which any party proposes on the length of depositions.*  Zurich suggests each party be limited to 4 depositions exclusive of the parties and experts.

c.      *Limitations which any party proposes on the number of requests for production and/or requests for admission.*  Zurich suggests each party be limited to 30 requests for admission and 30 requests for production.  Additional requests for admission or requests for production can be sought through leave of court.

d.      *Other Planning or Discovery Orders.*  Zurich's damages include the attorney fees and costs it incurred in defending Brinkman in the claim arising from HCC's work at the Project.  In order to produce copies of those invoices, a protective order must be in place to protect attorney client privileged information and work product of Zurich's counsel in the underlying matter filed by Zurich against HCC.

## 9. CASE PLAN AND SCHEDULE

The parties have not stipulated to the below deadlines, due to Defendant HCC's position that if its summary judgment motion is not resolved in its favor, it will move for a

stay of this proceeding before resolution of the Underling Action, pursuant to the guidance of *Constitution Associates v. New Hampshire Ins. Co.*, 930 P.2d 556 (Colo. 1996).

On the other hand, it is Plaintiff's position that this anticipatory declaratory judgment action should be allowed to proceed because it meets the criteria set forth in *Constitution Associates*, including that this declaratory judgment action is independent of and separable from the underlying action.

Zurich asks this Court to address whether this matter should be stayed.

a.      *Deadline for Joinder of Parties and Amendment of Pleadings*:   **April 14, 2017 (disputed by HCC – this deadline should not be established until the underlying Zurich case is resolved).**

b.      *Discovery Cut-off*:   **October 31, 2017 (disputed by HCC – this deadline should not be established until the underlying Zurich case is resolved).**

c.      *Expert Witness Disclosure*

1.      The parties anticipate requiring expert testimony from a professional with expertise in bad faith and unfair claims handling practices, insurance coverage, as well as damages.

2.      The parties shall limit the number of expert witnesses per site to three (3).

3.      Claiming parties shall designate expert witnesses on or before **September 15, 2017. Responding parties shall designate experts by November 15, 2017. (all disputed by HCC – this deadline should not be established until the underlying Zurich case is resolved).**

4.     Without leave of the Court the parties will not designate rebuttal experts

or serve supplemental reports of designated experts.

d.     *Identification of Persons to Be Deposed*:

Plaintiff will take the deposition of the following:

| Name of Deponent | Date of Deposition | Time of Deposition | Expected Length of Deposition |
|---|---|---|---|
| David Anderson, High Country Coatings, Inc. | TBA | TBA | 5-6 hours |
| Jim Ciesla, Brinkman Construction, Inc. | TBA | TBA | 5-6 hours |
| Amber Noble, or other handling claims examiner for Liberty Mutual Insurance | TBA | TBA | 3 hours |
| Any expert designated by any Defendant | TBA | TBA | 4 hours |

HCC currently anticipates when discovery is appropriate taking the following depositions:

| Name | Date | Time of Deposition | Length of Deposition |
|---|---|---|---|
| Chad Verastek | TBD | TBD | 7 Hours |
| Auto Owners' Corporate Representative | TBD | TBD | 7 hours |
| Aldo DelPiccolo | TBD | TBD | 3 hours |
| Any Experts designated by any other party | TBD | TBD | TBD |

HCC's position is it is premature to identify other appropriate witnesses until after

the underlying Zurich case is resolved.

Zurich may depose any of the individuals identified by Auto-Owners, HCC or any

other witness identified in the underlying matter filed against HCC.  Zurich objects to the

deposition of its defense counsel (Aldo DelPiccolo) or any other Zurich representative

while the Underlying Action is ongoing.

f.      *Deadline for Interrogatories*: **September 22, 2017 (disputed by HCC – this deadline should not be established until the underlying Zurich case is resolved).**

g.      *Deadline for Requests for Production of Documents and/or Admissions*: **September 22, 2017 (disputed by HCC – this deadline should not be established until the underlying Zurich case is resolved).**

## 10. DATES FOR FURTHER CONFERENCES

a.      Status conferences will be held in this case at the following dates and times:

_____.

b.      A final pretrial conference will be held in this case on _____at o'clock _____m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

## 11. OTHER SCHEDULING MATTERS

a.      Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement:

Counsel for the parties have disagreement concerning discovery or scheduling issues.

b.      The parties estimate that the jury trial will take five (5) days.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial

Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13. AMENDMENTS TO SCHEDULING ORDER

The Scheduling Order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this ____day of _____, 2017.

BY THE COURT:

_____
United States Magistrate Judge

SCHEDULING ORDER REVIEWED:


*s/   Gregory R. Giometti            ___*
Gregory R. Giometti
Morgan C. Robinson
Gregory R. Giometti & Associates P.C.
50 South Steele Street, Suite 480
Denver, CO 80209
(303) 333-1957
ggiometti@giomettilaw.com
mrobinson@giomettilaw.com
*Attorneys for Plaintiff*



*s/   Jane E. Young                  *
Jane E. Young
McElroy, Deutsch, Mulvaney & Carpenter, LLP
5600 S. Quebec Street, Suite C100
P.O. Box 4467
Englewood, CO 80155
(303) 293-8800
jyoung@mdmc-law.com
*Attorney for Zurich American Insurance Company*



*s/   Dennis J. Bartlett             *
Dennis J. Bartlett
Brosseau Bartlett Seserman, LLC
6455 S. Yosemite Street, Suite 750
Greenwood Village, CO 80111
(303) 812-1200
dbartlett@bbs-legal.com
*Attorney for HCC*